**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPARAMA TUITOGALEVU MAU, | No. 05-72765 |
| Petitioner, | Agency No. A097-890-332 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Eparama Tuitogalevu Mau, a native and citizen of Fiji, petitions pro se for

review of the Board of Immigration Appeals ("BIA") order summarily affirming

an immigration judge's ("IJ") decision denying his applications for withholding of

removal and relief under the Convention Against Torture ("CAT"). We have

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the IJ's particularly serious crime determination. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). We review for substantial evidence the IJ's factual findings, *id*. at 385-86, and review de novo due process claims and question of law, *id*. at 385 n.3. We deny the petition for review.

The IJ did not abuse his discretion in determining that Mau's conviction for driving under the influence and causing bodily injury in violation of California Vehicle Code § 23153(b) is a particularly serious crime rendering him ineligible for withholding of removal. *See id.* at 385; 8 U.S.C. § 1231(b)(3)(B)(ii). The IJ applied the proper legal standard as set forth in *Matter of Frentescu*, 18 I. & N. Dec. Dec. 244 (BIA 1982), and did not err in considering the abstract of judgment or evidence outside the record of conviction. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678-80 (9th Cir. 2012) (the agency may consider all reliable information in making a particularly serious crime determination). Mau's contentions that the IJ should have applied the categorical approach, and that his conviction is not a crime of violence are inapposite. *See id*. at 680.

Substantial evidence supports the IJ's denial of deferral of removal under the CAT on the ground that Mau failed to establish it is more likely than not he will be tortured if he returns to Fiji. *See* 8 C.F.R. § 1208.17(a); *Arbid*, 700 F.3d at 386.

Mau's due process claim regarding the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003). Mau's claim that the IJ failed to follow relevant precedent is not supported by the record.

Finally, we deny Mau's renewed motion in his opening brief for appointment of counsel.

**PETITION FOR REVIEW DENIED.**